Roslyn WETHERHORN, Appellant,

v.

ALASKA PSYCHIATRIC INSTITUTE,
Appellee.

No. S–12249.

Supreme Court of Alaska.

Sept. 21, 2007.

James B. Gottstein, Law Project for Psychiatric Rights, Inc., Anchorage, for Appellant.

Elizabeth Russo, Assistant Attorney General, Anchorage, David W. Márquez, Attorney General, Juneau, for Appellee.

Before: FABE, Chief Justice,
MATTHEWS, EASTAUGH, BRYNER, and
CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

The main question in this case is whether attorney's fees under Alaska Civil Rule 82 may be awarded in civil commitment proceedings. We answer in the negative based on an analogous decision with respect to child-in-need-of-aid proceedings.

On April 5, 2005, Alaska Psychiatric Institute ("API") filed a petition under AS 47.30.730 in superior court to have Roslyn Wetherhorn involuntarily committed for thirty days.[1] API filed the petition on the

---

1. AS 47.30.730 provides a procedure by which a mentally ill person may be involuntarily commit-

ted for a thirty-day period of treatment and evaluation following a petition and hearing. The

grounds that Wetherhorn was likely to cause harm to herself or others and that she was gravely disabled. The petition stated that Wetherhorn was in a "manic state," was homeless, had "no insight," and was "non med compliant × 3 months."

Subsequently, API filed a petition under AS 47.30.839 to involuntarily medicate Wetherhorn during the thirty-day commitment.[2] That petition stated that Wetherhorn was incapable of providing or withholding informed consent to medication and that she has or may have crises requiring immediate medication.

On April 15, 2005, the superior court held a hearing on both petitions. Wetherhorn was represented by the Alaska Public Defender Agency. At the hearing, an API doctor testified that Wetherhorn was bipolar, gravely disabled, and suffering from agitation, confusion, and insomnia. API also presented evidence that Wetherhorn was unable to provide or withhold informed consent to commitment or medication. On April 27, 2005, the superior court granted both petitions.[3]

The same day that the superior court granted both petitions, API filed a petition to commit Wetherhorn for an additional ninety days under AS 47.30.740[4] and to continue her forced medication during this period under AS 47.30.839.[5] By the time API filed

this second round of petitions Wetherhorn had substituted the Law Project for Psychiatric Rights ("PsychRights") as her counsel. Upon API's filing of petitions for ninety-day commitment and continued medication, PsychRights filed a motion with the superior court to have the hearing in a court room, open to the public, with a jury, and without Wetherhorn being medicated.[6]

On May 9, 2005, API released Wetherhorn and later filed a motion to dismiss without prejudice its petitions for ninety-day commitment and continued forced medication. Wetherhorn responded to the motion, arguing that the dismissal should be with prejudice. The superior court granted API's motion "without prejudice against a new petition pursuant to AS 47.30.730."

Wetherhorn then moved for attorney's fees under Civil Rule 82, stating that she was the prevailing party in the second commitment proceeding because API had voluntarily dismissed its petitions and that API had engaged in a wide range of vexatious and bad faith conduct. She also moved for attorney's fees under Alaska Civil Rules 11 and 95(a), arguing that API had misrepresented legal authority. The superior court held that Rule 82 does not apply to civil commitment proceedings, stating that attorney's fee awards in such proceedings would be inconsistent

---

2. AS 47.30.839 allows a treatment or evaluation facility to involuntarily medicate a mentally ill person following a petition and hearing. The petition must state that either (1) there have been or likely will be crises requiring immediate medication or (2) the patient is incapable of providing or withholding informed consent. AS 47.30.839(a).

3. In a separate appeal to this court, Wetherhorn challenged the superior court's grant of both petitions. *Wetherhorn v. Alaska Psychiatric Inst.*, 156 P.3d 371, 373 (Alaska 2007). On appeal we vacated without reversing the superior court's order for thirty-day commitment and vacated its order for forced medication, holding that the superior court did not follow the required procedure for ordering such medication. *Id.* at 373–74.

petition must be signed by two mental health professionals and must allege that "the respondent is mentally ill and as a result is likely to cause harm to self or others or is gravely disabled." AS 47.30.730(a)(1).

4. AS 47.30.740 provides that during a thirty-day commitment, a person in charge of the committed person may file a petition and request a hearing for a further ninety-day period of commitment.

5. AS 47.30.839(h) allows a treatment or evaluation facility to petition for continued involuntary medication of a committed person during an additional ninety-day commitment.

6. AS 47.30.725(e) allows the respondent in a thirty-day civil commitment hearing to be free from the effects of medication before the hearing. AS 47.30.735(b) allows the respondent in a hearing for thirty-day commitment to elect a hearing in a court room, open to the public. AS 47.30.745(a) provides the respondent in a ninety-day commitment hearing with the same rights provided in thirty-day commitment hearings. AS 47.30.745(c) allows a respondent in a ninety-day commitment hearing to have a jury trial.

with their unique character and purpose. The court also held that Wetherhorn was not the prevailing party for purposes of Rule 82. It did not address Wetherhorn's request for attorney's fees under Rules 11 and 95(a).

Wetherhorn now appeals the denial of attorney's fees under Rules 11, 82, and 95(a).

We review the interpretation and application of court rules de novo.[7] We review a trial court's determination whether a litigant violated Rule 11 for abuse of discretion.[8]

The Alaska Probate Rules set forth the procedures for probate proceedings, including civil commitment hearings.[9] Probate Rule 1(e) states that where the Probate Rules do not address a procedural issue, courts may apply the Alaska Civil Rules unless their application would be inconsistent with the proceeding's purpose and character. One such Alaska Civil Rule is Rule 82, which requires courts to award partial attorney's fees to the prevailing party in litigation.

The superior court held that Probate Rule 1(e) prohibited application of Rule 82 in civil commitment proceedings. It determined that Rule 82 was inconsistent with the purpose and character of such proceedings. Wetherhorn now argues that the superior court erred in making this determination.

We agree with the superior court. Civil commitment is a unique procedure:

Unlike civil or criminal proceedings, the interests of the parties to a civil commitment proceeding are not entirely adverse. The state's concerns are to provide care to those whose mental disorders render them unable to care for themselves and to pro-

tect both the community and the individuals themselves from dangerous manifestations of their mental illness.[10]

In *Cooper v. State* we held that Rule 82 is inapplicable in child-in-need-of-aid (CINA) cases.[11] We reasoned that applying Rule 82 in CINA cases would chill the state's willingness to perform a public function—serving the welfare of children—by burdening it with additional costs of litigation.[12] We concluded that application of Rule 82 would be inconsistent with the purpose and character of CINA proceedings.[13] Civil commitments are analogous to CINA cases in that they are designed to protect the welfare of at-risk people. Application of Rule 82 in civil commitment hearings could similarly deter the state from engaging in needed protective litigation. Thus, as in *Cooper*, we hold that Rule 82 is inconsistent with the character and purpose of civil commitment proceedings.

Wetherhorn relies on *Crittell v. Bingo*[14] for the proposition that Rule 82 is applicable in probate proceedings. In *Crittell*, we applied Rule 82 in a will contest.[15] We stated that in probate proceedings, "Civil Rule 82 governs the award of fees unless a specific provision of the Probate Rules applies."[16] Wetherhorn argues that *Crittell* stands for the blanket proposition that "Rule 82 does apply to Probate Court Proceedings."

Wetherhorn's reading of *Crittell* is too broad. Her interpretation would eliminate that part of Probate Rule 1(e) that requires an inquiry as to whether the application of a Civil Rule would be inconsistent or interfere with the unique character of a given probate

---

7. *Crittell v. Bingo*, 83 P.3d 532, 535 n. 10 (Alaska 2004).

8. *See Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1227 & n. 4 (Alaska 1992) (holding that this court normally reviews the award of sanctions under Rule 11 for abuse of discretion (citing *Keen v. Ruddy*, 784 P.2d 653, 658 (Alaska 1989))).

9. Alaska R. Prob. P. 1(b).

10. *Goetz v. Crosson*, 967 F.2d 29, 34–35 (2d Cir. 1992).

11. 638 P.2d 174, 178 (Alaska 1981).

12. *Id.* ("Exposing the state to costs and attorney's fees when a child is ultimately determined not to be in need of aid would significantly chill the state's willingness to commence protective proceedings for children.").

13. *Id.*

14. 83 P.3d 532 (Alaska 2004).

15. *Id.*

16. *Id.* at 536.

proceeding. Rule 82 survived this inquiry in *Crittell* but not in *Cooper* because of a fundamental difference between will contests and CINA cases. Will contests comprise disputes between private litigants. A litigant in a will contest usually litigates only to increase his own share of a will, regardless of the effect this has on society generally. In contrast, the state in a CINA case litigates to protect a child's, and society's, interests. This distinction between beneficent and self-interested litigation supports the result here.

█ Wetherhorn also argues that API mischaracterized legal authority and brought the civil commitment proceedings against her in bad faith. She accordingly requests that

we penalize API with Civil Rule 95(a) fees for its alleged violation of Civil Rule 11.[17] However, our review of the record convinces us that no Rule 11 violation occurred. We thus summarily resolve Wetherhorn's Rule 11 claim against her.

The decision of the superior court is AFFIRMED.

---

**17.** Civil Rule 11 provides that arguments made in signed pleadings must be "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Civil Rule 95(a) allows a court to assess attorney's fees for violations of any other rule, including Rule 11. *See Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1227 n. 4 (Alaska 1992) (assuming that Rule 11 violations could give rise to awards under Rule 95(a)).