NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| CYNTHIA REVELS, | ) | |
| | ) | Supreme Court No. S-14373 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-08-08884 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MUNICIPALITY OF ANCHORAGE, a | ) | AND JUDGMENT* |
| Municipal Corporation, WALTER | ) | |
| MONEGAN, GARY GILLIAM, GAYLE | ) | No. 1458 – May 1, 2013 |
| PETERSEN and LAUREL DASH, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank A. Pfiffner, Judge.

Appearances: Hugh W. Fleischer, Anchorage, for Appellant. William A. Earnhart, Assistant Municipal Attorney, and Dennis A. Wheeler, Municipal Attorney, Anchorage, for Appellees.

Before: Carpeneti, Winfree, Stowers, and Maassen, Justices. [Fabe, Chief Justice, not participating.]

I.  **INTRODUCTION**

Cynthia Revels brought a retaliatory discharge suit against her former employer under 42 U.S.C. § 1981, claiming her employer had terminated her employment in retaliation for her complaints of discrimination.  A jury found by special

---

\*      Entered pursuant to Alaska Appellate Rule 214.

verdict that Revels had failed to establish a prima facie case of retaliation. The superior court denied the Municipality's request for attorney's fees but awarded costs. Revels appeals, alleging numerous errors that challenge the jury's verdict and the superior court's award of costs. However, these arguments have no basis in the record, and many of them misrepresent the proceedings that occurred in the superior court. Revels's arguments also are inadequately briefed as she provides little supporting discussion for her points on appeal, and her discussion of case law is insufficient and often erroneous. We affirm the superior court's judgment upholding the jury's verdict, and the superior court's award of costs.

## II. FACTS AND PROCEEDINGS

### A. Facts

In July 2004 the Anchorage Police Department (APD) hired Revels, an African-American woman, as a records clerk. During her initial training period Revels informed two of her supervisors, Gayle Petersen and Gary Gilliam, that she believed she was being discriminated against; her complaint was based on one trainer's unfavorable evaluation of her work and instances where another trainer called her "girl," which she felt was belittling. Petersen conducted an investigation and concluded there was insufficient evidence to either prove or disprove the allegations.

In March 2005 Gilliam informed Revels that she was being placed in remedial training due to concerns about the way she handled report taking, call screening, and court desk duties. Revels's pay and work schedule remained the same. Revels believed her remedial training was unwarranted, and she filed a discrimination complaint with the Anchorage Equal Rights Commission.

Revels also found it difficult to work with her remedial trainer, Laurel Dash, because she felt that Dash's evaluations were "nitpicking" and "very negative compared to the other clerks." In October 2005 while she was still in remedial training,

Revels contacted the National Association for the Advancement of Colored People (NAACP) and reported that her employer was retaliating against her for her prior allegations of discrimination. In late October, a representative from the NAACP met with Gilliam and the chief of police and reviewed Revels's employment file with her permission.

On October 27, while working at the front desk, Revels incorrectly informed a citizen that she could not give him the case number for his brother's case. When Dash corrected Revels, Revels initially disputed what she had said to the citizen. Dash reported the incident to Gilliam. During an investigation into the incident, Gilliam discovered that Dash had recorded her conversation with Revels, and the recording demonstrated that Revels had not been honest in subsequent interviews about the incident.[1] Revels ultimately received a written reprimand for making inaccurate statements about Dash.

When Revels learned that Dash had been taping their conversations, she contacted the Alaska State Commission for Human Rights, the federal Equal Employment Opportunity Commission, and the Anchorage Mayor's Office. During her meeting with representatives from the Mayor's Office, Revels alleged that Gilliam and Petersen were having an affair and were collaborating against her in retaliation for her complaints of discrimination. APD conducted an internal affairs investigation and concluded that Revels had "carelessly or maliciously" made unsubstantiated allegations about Gilliam and Petersen having an affair. As a result, Revels was suspended for 30

---

[1] According to Dash, she recorded many of her interactions with Revels "to protect [her]self" because Revels had contested many of Dash's evaluations in the past, and Dash wanted to make a record in case she ever needed to corroborate her version of events. Another trainer also testified that she had considered recording her interactions with Revels after Revels lied about an interaction that they had.

days in June 2006. Revels believed the suspension was retaliation for her complaints of discrimination to the Mayor's Office.

Around this time, in March 2006, APD discovered that Revels was engaged in outside employment without permission, in violation of police department regulations. Additionally, throughout 2006 and 2007, APD documented numerous instances of continuing errors in Revels's work. Revels alleged she felt that her work environment had become hostile and that she began to suffer from stress and depression. APD placed Revels on administrative leave in July 2008 and ultimately terminated her employment in October 2008 for failure to meet normal standards of accuracy and productivity in her work.

## B.     Proceedings

In July 2008, before APD terminated her, Revels filed a complaint in the superior court against the Municipality of Anchorage, Gilliam, Petersen, and Dash (collectively "the Municipality")[2] alleging they had subjected her to disparate treatment, a hostile work environment, and retaliation in violation of 42 U.S.C. § 1981.[3] In March 2011 Revels filed a motion to amend her complaint in order to clarify her claims.

---

[2]     Revels initially named Walter Monegan, the former chief of police, as a defendant as well. The parties agreed to dismiss him from the case.

[3]     Section 1981 protects against discrimination on the basis of race in the making and enforcement of contracts, including employment contracts. 42 U.S.C. § 1981 (2006); *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir. 1983) ("Section 1981 refers to racial discrimination in the making and enforcement of contracts and is designed to include a federal remedy against discrimination in employment on the basis of race.").

Superior Court Judge Frank A. Pfiffner granted her motion. Revels was assisted by counsel both when filing her initial complaint and when filing her amended complaint.[4]

Revels's amended complaint alleged that the defendants had retaliated against her on the basis of race in violation of 42 U.S.C. § 1981, which is a cause of action under 42 U.S.C. § 1983.[5] The amended complaint sought "compensatory damages, emotional damages, humiliation, lost pay, and lost opportunity for advancement" from the Municipality, and "compensatory damages, emotional damages, humiliation, and punitive damages" from the individual defendants. Revels's amended complaint did not reiterate the hostile work environment or disparate treatment claims alleged in her first complaint. Both parties moved for summary judgement, and both motions were denied.

The parties proceeded to trial on Revels's retaliation claim. After all evidence had been presented to the jury, the Municipality moved for a directed verdict. Revels did not move for a directed verdict. The superior court took the Municipality's motion under advisement and submitted the case to the jury. When the court asked Revels's attorney if he had any concerns about the jury instructions, the attorney declined to make any objection. The jury unanimously found by special verdict that Revels had failed to establish a prima facie case of retaliation. In light of the defense verdict, the Municipality's motion for directed verdict became moot. The superior court entered a final judgment in favor of the Municipality. The court denied the Municipality's request

---

[4]     In the superior court, Revels was represented by a different attorney than the attorney representing her on appeal.

[5]     Section 1983 provides, in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983 (2006).

for attorney's fees, concluding such fees were not permissible under 42 U.S.C. § 1988, but awarded $6,077.73 in costs, which included a $500 sanction. Revels appeals.

## III. STANDARD OF REVIEW

Revels raises numerous issues on appeal. Many of her arguments are raised for the first time on appeal and thus are waived because "[o]rdinarily, a party seeking to raise an issue on appeal must have raised it and offered evidence on it in the trial court."[6] We generally will not consider an issue raised for the first time on appeal unless the issue is "not dependent on any new or controverted facts," was "closely related to the appellant's trial court arguments," and "could have been gleaned from the pleadings."[7] "This rule is based on the belief that permitting a party to claim error regarding a claim not raised and litigated below 'is both unfair to the trial court and unjust to the opposing litigant.' "[8]

Additionally, "arguments are waived on appeal if they are inadequately briefed."[9] Most of Revels's arguments consist of a single sentence or paragraph without substantive analysis. As well, Revels's Statement of the Issues Presented for Review does not include the same arguments as she discusses in the Argument section of her brief.

---

[6]     *Harvey v. Cook*, 172 P.3d 794, 802 (Alaska 2007).

[7]     *State v. Nw. Constr., Inc.*, 741 P.2d 235, 239 (Alaska 1987).

[8]     *Harvey*, 172 P.3d at 802 (quoting *In re Marriage of Walker*, 42 Cal. Rptr. 3d 325, 332 (Cal. App. 2006)).

[9]     *State v. Pub. Safety Emps. Ass'n*, 257 P.3d 151, 167 (Alaska 2011); *see also Gilbert v. Sperbeck*, 126 P.3d 1057, 1062 (Alaska 2005) ("[A]n argument is considered waived when the party cites no authority and fails to provide a legal theory for his or her argument." (internal quotation marks omitted) (quoting *Peterson v. Ek*, 93 P.3d 458, 464 n.9 (Alaska 2004))).

# I.    DISCUSSION

## A.    Revels Mischaracterizes The Jury's Findings As Being The Superior Court's Rulings.

Revels's first seven arguments, listed in her Statement of Issues Presented for Review, mischaracterize the jury's verdict as being the superior court's rulings. Revels states in her brief that the superior court ruled on the merits of her case and found against her. This is inaccurate. The superior court denied the Municipality's motion for summary judgment and allowed the jury to consider the merits of the case. It was the jury, not the superior court, which found that Revels had failed to establish a prima facie case of retaliation.

## B.    Revels Has Waived Her Right To Challenge The Jury's Verdict Because She Failed To Move For A Directed Verdict At Trial.

Revels's first three arguments apparently are an attempt to challenge the jury's verdict, though she phrases them as challenges to the superior court's decisions. She argues that the superior court: (1) "erred in its determination that Ms. Revels failed to meet her burden of establish[ing] a prima facie case of discrimination"; (2) "erred in its determination that the Municipality of Anchorage had met its burden to demonstrate legitimate, [n]on-discriminatory reasons for its action"; and (3) "erred in its determination that Ms. Revels failed to meet her burden to show that the Municipality of Anchorage and other defendants' stated reason for [her] discharge was pretextual." Revels argues that "she has met the test of proving her prima facie case of discriminatory treatment and that the employer's explanation for the treatment was pretextual." These arguments are problematic for several reasons.

First, Revels argues that she presented sufficient evidence to prove discrimination, but she did not assert a discrimination claim in her amended complaint. The only claim argued at trial and presented to the jury was a retaliation claim. During

opening statements, her trial attorney specifically stated that "this is not a racial discrimination case, this is a claim of retaliation . . . ."

Second, as discussed above, Revels phrases her arguments as challenges to errors that the superior court allegedly made, but the superior court did not rule on the merits of her retaliation claim. The jury was instructed on the elements of her claim and found by special verdict that Revels had engaged in a protected activity by filing complaints of discrimination, but that Petersen, Gilliam, and Dash had not subjected Revels to materially adverse employment action.

Third, Revels failed to preserve any challenge that she might now raise to the jury's verdict by failing to move for a directed verdict at trial. A party may move for a directed verdict at the close of evidence.[10] If the motion is denied, the party may file a motion for a judgment notwithstanding the verdict and move to have the jury's verdict set aside.[11] If a party fails to move for a directed verdict, that party is precluded from moving for judgment notwithstanding the verdict and precluded from challenging the verdict on appeal.[12] Because Revels failed to move for a directed verdict on her retaliation claim and failed to ask the trial court to set aside the jury's verdict, she is precluded from asking this court to consider the verdict on appeal.

Fourth, even if we consider Revel's challenge to the jury's verdict on the merits, we would uphold the verdict. We will uphold a jury verdict if, when we view the

_____

[10] Alaska R. Civ. P. 50(a).

[11] Alaska R. Civ. P. 50(b); *Richey v. Oen*, 824 P.2d 1371, 1374 (Alaska 1992) (noting that "[w]here a party fails to move for a directed verdict at the close of the evidence, a superior court's refusal to grant a judgment n.o.v. cannot be considered on appeal") (citing *Metcalf v. Wilbur, Inc.*, 645 P.2d 163, 170 (Alaska 1982)).

[12] *Roderer v. Dash*, 233 P.3d 1101, 1108 (Alaska 2010) (citing *Richey*, 824 P.2d at 1374).

evidence in the light most favorable to the nonmoving party, we conclude that "a reasonable jury relying on the evidence" could find as the jury did.[13] In order to overturn a jury verdict, "[t]he evidence must be 'so slight and unconvincing as to make the verdict unreasonable and unjust.' "[14] We "will uphold a refusal [of a new jury trial] 'if there is an evidentiary basis for the jury's decision.' "[15] Based on our independent review of the record, we find substantial evidence that shows that the Municipality's treatment of Revels was not retaliatory. Revels's request that we overturn the jury's verdict lacks procedural, legal, and factual bases, and we uphold the jury's verdict.

### C. Revels Abandoned Her Hostile Work Environment Claim.

Revels next argues the superior court "erred in its determination that [she] failed to sufficiently show a basis for her assertion that she was confronted by a 'hostile work environment.' " Revels offers no argument or authority to support this claim, and the superior court made no such determination. Furthermore, though Revels asserted this claim in her first complaint, she abandoned it in her amended complaint and did not present this claim to the jury. Her argument is without merit.

### D. Revels Did Not Assert A Claim For Intentional Infliction Of Emotional Distress In The Superior Court.

Revels next argues that the superior court "erred in its determination that the Municipality had sovereign immunity, under AS 09.50.250, regarding the intentional infliction of emotional distress claims." She also argues that the superior court "erred in its determination that [she] . . . failed to make a sufficient showing regarding her claim for intentional infliction of emotional distress."

---

[13]     *MacDonald v. Riggs*, 166 P.3d 12, 16 (Alaska 2007).

[14]     *McCubbins v. State, Dept. of Natural Res.*, 984 P.2d 501, 504 (Alaska 1999) (quoting *Hutchins v. Schwartz*, 724 P.2d 1194, 1199 (Alaska 1986)).

[15]     *Id*. (quoting *State v. Will*, 807 P.2d 467, 469 (Alaska 1991)).

Revels did not assert a claim for intentional infliction of emotional distress; rather, she sought "emotional damages" for her retaliation claim. Furthermore, the superior court never ruled that the Municipality was shielded from Revels's claim by immunity — the jury was instructed on her retaliation claim and found the Municipality was not liable for damages because she had failed to establish her claim. Revels's arguments are without merit.

E.    **Revels Did Not Assert A Violation Of The Covenant Of Good Faith And Fair Dealing In The Superior Court.**

Revels next argues that "[t]his case exhibits a violation of . . . the Municipality's covenant of good faith and fair dealing." Because the covenant is implied in all employment contracts,[16] Revels argues that it is reasonable for us to consider this claim on appeal, even though she did not assert it in her original or amended complaint. She further contends that it is not waived because she listed it as an issue when filing her appeal. The Municipality argues that this argument is waived because it was not raised in the trial court.

As we discuss, in order for an issue to be considered on appeal, it must have been raised and argued before the trial court.[17] "This rule is based on the belief that permitting a party to claim error regarding a claim not raised and litigated below 'is both unfair to the trial court and unjust to the opposing litigant.' "[18] Our duty is to correct

---

[16]    *See Charles v. Interior Reg'l Hous. Auth.*, 55 P.3d 57, 62 (Alaska 2002) ("The covenant of good faith and fair dealing is implied in all at-will employment contracts.").

[17]    *Harvey v. Cook*, 172 P.3d 794, 802 (Alaska 2007).

[18]    *Id.* (quoting *In re Marriage of Walker*, 42 Cal. Rptr. 3d 325, 332 (Cal. App. 2006)).

errors made in the trial and intermediate appellate courts.[19] If a claim is not raised in the superior court, the superior court obviously does not err by failing to consider it. This court will not, barring exceptional circumstances not present here, consider claims raised for the first time on appeal.[20]

E.      Revels Did Not Have A Constitutional Right To Effective Counsel In This Civil Case.

Revels next argues that she "received ineffective assistance by trial counsel in violation of the Sixth Amendment to the U.S. Constitution" because her attorney failed to call witnesses and introduce evidence that would have assisted her case. But the right to counsel under the Sixth Amendment applies only to criminal defendants.[21] As we have explained, "there is no general right to counsel in civil cases under the United States or Alaska Constitutions."[22] And as the Tenth Circuit has explained, "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial."[23] Therefore, "[i]f a client's chosen counsel performs below professionally

---

[19]      *See* Alaska Const. art. IV, § 12 (stating that the supreme court has "final appellate jurisdiction").

[20]      *Merrill v. Faltin*, 430 P.2d 913, 917 (Alaska 1967).

[21]      *See* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence."); *Sanchez v. U.S. Postal Serv.*, 785 F.2d 1236, 1237 (5th Cir. 1986) ("[T]he sixth amendment right to effective assistance of counsel does not apply to civil litigation.").

[22]      *Azimi v. Johns*, 254 P.3d 1054, 1061 (Alaska 2011).

[23]      *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).

acceptable standards, with adverse effects on the client's case, the client's remedy is not reversal, but rather a legal malpractice lawsuit against the deficient attorney."[24]

Revels also argues that article 1, section 1 of the Alaska Constitution "provide[s] equal protection of the law, which certainly includes competent counsel in this civil trial." Revels provides no argument or authority for her assertion that we should extend the right to effective counsel to a civil litigant in a retaliation case through the equal protection clause of the Alaska Constitution. Because this argument was insufficiently briefed, it is waived.[25, 26]

Even on the merits of Revels's claim of ineffective assistance of counsel, her argument still fails. Effective assistance of counsel is guaranteed only where there is a protected right to counsel. We use the *Mathews v. Eldridge* due process balancing

---

[24]    *Id.*

[25]    *Wagner v. Wagner*, 218 P.3d 669, 678 (Alaska 2009).

[26]    We have held that the due process clause under article 1, section 7 of the Alaska Constitution guarantees civil litigants the right to counsel under certain circumstances not applicable here, such as a proceeding for an involuntary commitment or the termination of parental rights. *See Wetherhorn v. Alaska Psychiatric Inst.*, 156 P.3d 371, 383 (Alaska 2007) ("Because . . . a respondent's fundamental rights to liberty and to privacy are infringed upon by involuntary commitment and involuntary administration of psychotropic medication proceedings, the right to counsel in civil proceedings is guaranteed by the due process clause of the Alaska Constitution."); *V.F. v. State*, 666 P.2d 42, 45 (Alaska 1983) ("[T]he due process clause of the Alaska Constitution guarantees indigent parents the right to court-appointed counsel in proceedings for the termination of parental rights."); *Flores v. Flores*, 598 P.2d 893, 895-97 (Alaska 1979) (holding an indigent party has a right to appointed counsel in child custody proceedings if the other parent is represented by counsel provided by a public agency).

test to determine whether a litigant has a right to counsel in civil cases.[27] This test weighs three factors:

> [T]he private interest affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail.[28]

In *Bustamante v. Alaska Workers' Compensation Board*, we used this test to determine that the State is not required to provide an attorney for an indigent litigant in a workers' compensation case.[29] We noted that the interest of a litigant in a workers' compensation case is "much less important than the exercise of parental rights, the custody of children, or the deprivation of liberty."[30] Given that the interest involved here, Revels's right to employment without discrimination, does not rise to the same level of importance as a person's right to freedom or to custody of her children, the cost to the State of providing an attorney for every litigant asserting a claim of retaliatory discharge outweighs the interest protected.

---

[27] *Bustamante v. Alaska Workers' Comp. Bd.*, 59 P.3d 270, 274 (Alaska 2002) (citing *Mathews v. Eldridge*, 424 U.S. 319 (1976)).

[28] *Id.*

[29] *Id.*

[30] *Id.*

**F.** **The Superior Court Did Not Err In Its Ruling On Costs And Attorney's Fees.**

Finally, Revels argues that the superior court "erred in its determination that the Municipality should be awarded attorney's fees and costs." However, the superior court *denied* the Municipality's request for attorney's fees. And Revels offers no argument as to why the superior court erred in awarding costs to the Municipality, other than to call the award of $6,077.73 "extraordinarily high."

Federal law provides that "[i]n any action or proceeding to enforce [42 U.S.C. § 1981 or § 1983], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."[31] But federal courts have ruled that prevailing defendants may receive attorney's fees under this rule "only when the plaintiff's claim was 'frivolous, unreasonable, or groundless' or when 'the plaintiff continued to litigate after it clearly became so.' "[32, 33] This restriction does not apply to recovering costs when the defendant is the prevailing party.[34] Moreover, costs are awarded to prevailing parties "as a matter of course" under Alaska Civil Rule 79.[35]

---

[31] 42 U.S.C § 1988(b) (2006).

[32] *Hutchinson v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993) (quoting *Christiansburg Garment Co. v. Equal Emp't. Opportunity Comm'n*, 434 U.S. 412, 422 (1978)).

[33] The Municipality did not argue that Revels's claims were frivolous, unreasonable, or groundless.

[34] *See Nat'l Org. for Women v. Bank of Cal., Nat'l Ass'n*, 680 F.2d 1291, 1294 (9th Cir. 1982) (declining to extend the *Christiansburg* standard to cost awards in Title VII actions); *see also Raad v. Fairbanks N. Star Borough*, 201 Fed. App'x 396, 397 (9th Cir. 2006) ("Costs are awarded to the prevailing party in civil actions as a matter of course, unless extraordinary circumstances make the award of costs improper.").

[35] *In re McGregory*, 193 P.3d 295, 297 n.4 (Alaska 2008).

Revels has not demonstrated that the superior court erred by awarding costs to the Municipality.

### G. The Municipality's Request For Attorney's Fees On Appeal

The Municipality argues this appeal is "absolutely meritless" and requests an award of full attorney's fees under Alaska Appellate Rule 508(e) and 42 U.S.C. § 1988(b). As discussed above, a court may award attorney's fees to a prevailing defendant in a suit under 42 U.S.C. § 1981 or § 1983 when the plaintiff's claim was "frivolous."[36] Appellate Rule 508(e) also allows us to award attorney's fees to a prevailing appellee if we determine that the appeal is frivolous.[37] We award attorney's fees under this rule when "absolutely no authority . . . even remotely support[s]" the appellant's claims.[38]

We have independently examined each one of Revels's arguments on appeal, even though some were waived. We conclude that Revels's arguments on appeal are meritless and frivolous. Many have no basis in the record and mischaracterize the proceedings in the superior court. Revels's brief does not support many of her arguments with discussion or authority. Her brief is comprised of legally inaccurate assertions, factually specious statements, and procedurally waived arguments. Revels's reply brief was unresponsive to the Municipality's arguments in its appellee's brief. This is a case where an award of attorney's fees against the appellant Cynthia Revels is

---

[36] *Hutchinson,* 994 F.2d at 1081 (quoting *Christiansburg Garment Co.*, 434 U.S. at 422); 42 U.S.C. § 1988(b).

[37] Alaska R. App. P. 508(e) ("If the court determines that an appeal or cross-appeal is frivolous . . . , actual attorney's fees may be awarded to the appellee or cross-appellee.").

[38] *Berry v. Ketchikan Pub. Utils.*, 727 P.2d 762, 764 (Alaska 1986).

warranted: we conclude that Revels shall pay the appellee Municipality of Anchorage $1,500 in attorney's fees.

## IV.    CONCLUSION

We AFFIRM the superior court's final judgment in all respects.